Citation Nr: 1045643 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 06-05 538 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, 
California


THE ISSUE

Entitlement to service connection for cold injury of the right 
hand. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Catherine Cykowski, Counsel








INTRODUCTION

The Veteran had active duty service from June 1963 to September 
1972.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a March 2004 rating decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in Oakland, 
California.

The Board remanded this matter in May 2009. The Board is 
satisfied that there has been substantial compliance with the 
remand directives and the Board may proceed with review. Stegall 
v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

Competent medical evidence provides a nexus between in-service 
cold exposure and a current right hand disability. 


CONCLUSION OF LAW

Cold injury of the right hand was incurred in service. 38 
U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. § 3.303 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

On November 9, 2000, the Veterans Claims Assistance Act of 2000 
(VCAA), codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 
5107, 5126 (West 2002), became law. Regulations implementing the 
VCAA were then published at 66 Fed. Reg. 45,620, 45,630-32 
(August 29, 2001) and are now codified at 38 C.F.R. §§ 3.102, 
3.156(a), 3.159 and 3.326 (2010). The VCAA and its implementing 
regulations are applicable to this appeal.

The duty to notify under the VCAA requires VA to notify the 
claimant and the claimant's representative, if any, of the 
information and medical or lay evidence that is necessary to 
substantiate the claim. In Pelegrini v. Principi (Pelegrini II), 
18 Vet. App. 112, 119-20 (2004), the Court specifically held that 
the VCAA requires VA to provide notice that informs the claimant 
of any information and evidence not of record (1) that is 
necessary to substantiate the claim, (2) that VA will seek to 
provide, and (3) that the claimant is expected to provide. The 
Court has indicated that notice under the VCAA must be given 
prior to an initial unfavorable decision by the agency of 
original jurisdiction. Id.

The VCAA and its implementing regulations provide that VA will 
assist a claimant in obtaining evidence necessary to substantiate 
a claim. Under these provisions, VA is required to obtain 
service medical records and relevant VA healthcare records and 
must make reasonable efforts to help the veteran obtain other 
relevant medical records. The duty to assist also requires VA to 
provide the claimant with a medical examination or a medical 
opinion when such an examination or opinion is necessary to make 
a decision on a claim. 38 U.S.C.A. § 5103A(d) (West 2002); 
38 C.F.R § 3.159 (2010).

The Court has mandated that VA ensure strict compliance with the 
provisions of the VCAA. Quartuccio v. Principi, 16 Vet. App. at 
183 (2002). 

During the pendency of this appeal, on March 3, 2006, the Court 
issued a decision in the consolidated appeal of Dingess/Hartman 
v. Nicholson, 19 Vet. App. 473 (2006), which held that the VCAA 
notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 
3.159(b) apply to all five elements of a service connection 
claim. Those five elements include: 1) veteran status; 2) 
existence of a disability; 3) a connection between the veteran's 
service and the disability; 4) degree of disability; and 5) 
effective date of the disability. The Court held that upon 
receipt of an application for a service-connection claim, 38 
U.S.C.A. § 5103(a) and 38 C.F.R. 
§ 3.159(b) require VA to review the information and the evidence 
presented with the claim and to provide the claimant with notice 
of what information and evidence not previously provided, if any, 
will assist in substantiating or is necessary to substantiate the 
elements of the claim as reasonably contemplated by the 
application. Dingess/Hartman at 488. Additionally, this notice 
must include notice that a disability rating and an effective 
date for the award of benefits will be assigned if service 
connection is awarded. Id.

In a November 2003 letter, the RO provided the Veteran with 
notice of the evidence required to substantiate his claim for 
service connection for cold injury. The letter informed the 
Veteran what information and evidence VA was responsible for 
obtaining and what evidence VA would assist him in obtaining. 
The letter explained how disability ratings and effective dates 
are determined. This letter satisfied the timing requirements 
outlined in Pelegrini, as it was provided prior to the rating 
decision on appeal.

Regarding the duty to assist, the RO obtained the pertinent 
evidence necessary to decide the claim. The record on appeal 
includes service treatment records and relevant post-service 
medical records identified by the Veteran. The Veteran has been 
afforded VA examinations.

The Board finds that all necessary development and notification 
has been accomplished, and therefore appellate review may proceed 
without prejudice to the appellant. Even assuming otherwise, 
there is no prejudice to the Veteran, in light of the favorable 
disposition of the claim. See Bernard v. Brown, 4 Vet. App. 384 
(1993).

II. Analysis of Claim

Applicable law provides that service connection will be granted 
if it is shown that the veteran suffers from disability resulting 
from an injury suffered or disease contracted in line of duty, or 
for aggravation of a preexisting injury suffered or disease 
contracted in line of duty, in active service. 38 U.S.C.A. 
§1110. That an injury occurred in service alone is not enough; 
there must be chronic disability resulting from that injury. If 
there is no showing of a resulting chronic condition during 
service, then a showing of continuity of symptomatology after 
service is required to support a finding of chronicity. 38 
C.F.R. § 3.303(b). Service connection may also be granted for 
any disease diagnosed after discharge, when all the evidence, 
including that pertinent to service, establishes that the disease 
was incurred in service. 38 C.F.R. § 3.303(d).

Generally, to prevail on a claim of service connection on the 
merits, there must be medical evidence of (1) current disability; 
(2) medical, or in certain circumstances, lay evidence of in-
service incurrence or aggravation of a disease or injury; and 
(3) medical evidence of a nexus between the claimed in-service 
disease or injury and the present disease or injury. Hickson v. 
West, 12 Vet. App. 247 (1999).

The U.S. Court of Appeals for the Federal Circuit (Federal 
Circuit) has held that in certain situations, lay evidence can 
even be sufficient with respect to establishing medical matters 
such as a diagnosis. In Jandreau v. Nicholson, 492 F.3d 1372 
(Fed. Cir. 2007), the Federal Circuit commented that competence 
to establish a diagnosis of a condition can exist when (1) a 
layperson is competent to identify the medical condition, (2) the 
layperson is reporting a contemporaneous medical diagnosis, or 
(3) lay testimony describing symptoms at the time supports a 
later diagnosis by a medical professional.

In Barr v. Nicholson, 21, Vet. App. 303, 307-309 (2007), the 
Court held that medical evidence is not always required to 
establish in-service incurrence and nexus. The Court noted that 
lay evidence may establish the presence of a condition during 
service, postservice continuity of symptomatology and evidence of 
a nexus between the present disability and postservice 
symptomatology. Id.

In determining whether service connection is warranted for a 
disability, VA is responsible for determining whether the 
evidence supports the claim or is in relative equipoise, with the 
veteran prevailing in either event, or whether a preponderance of 
the evidence is against the claim, in which case the claim must 
be denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. 
Derwinski, 1 Vet. App. 49 (1990).

The Veteran has indicated that he sustained cold injury while in 
training in the U.S. Army Ranger School in November 1963. In 
statements in support of his claim, the Veteran noted that there 
was a snow and ice storm while he was on patrol in a training 
exercise, and he suffered frostbite of his right hand. The 
Veteran has indicated that he was evacuated for medical treatment 
for frostbite. 

The Veteran is competent to provide testimony concerning factual 
matters of which he has first-hand knowledge, such as cold 
exposure and receiving medical treatment. Washington v. 
Nicholson, 19 Vet. App. 362 (2005). The Board notes that service 
treatment records do not show treatment of frostbite. The Board 
may weigh the absence of contemporaneous medical evidence against 
the lay evidence in determining credibility, but cannot determine 
that lay evidence lacks credibility merely because it is 
unaccompanied by contemporaneous medical evidence. See Buchanan 
v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). The 
Veteran's lay testimony regarding his cold exposure and 
subsequent treatment is credible. 

With respect to the issue of a medical nexus, two VA examinations 
have addressed the issue of whether a current right hand 
disability is related to cold exposure. Upon VA examination in 
July 2009, the Veteran reported a history of frostbite while on a 
Ranger training mission in the mountains in Georgia. The Veteran 
reported that he was exposed to freezing rain and snow and that, 
when he took off his gloves at the end of the three day mission, 
his hands were "deathly white." He reported that he knew 
through Ranger training that this was frostbite and he put his 
hand in the armpit of a colleague. He was evacuated by ambulance 
and went to the clinic on base in Georgia where his fingers were 
put in warm water.

The Veteran reported that he subsequently had many similar 
episodes of frostbite. He reported that, when he was exposed to 
the cold, he would develop numbness, tingling, and a white or 
waxy change in his fingers. The symptoms would resolve in a 
short time when he ran his hand under warm water. There was no 
significant pain. The Veteran reported parasthesias with the 
Raynaud phenomenon. 

The VA examiner diagnosed Raynaud phenomenon and opined that it 
is "clearly related to the frostbite that occurred during his 
military service." In a September 2009 addendum, the examiner 
indicated that the Veteran's claims file became available and was 
reviewed in its entirety. The examiner noted that the claims 
file did not contain documentation to confirm the episode of cold 
exposure. The examiner opined, however, that the description of 
the episode was of such specificity that it was his tendency to 
believe the description given by the Veteran. 

In July 2010, the RO returned the claims file for an addendum by 
the VA examiner. Thereafter, in July 2010, a different VA 
physician reviewed the claims file and provided an opinion. The 
examiner noted that the claims file was available and was 
reviewed. The examiner noted current symptoms of Raynaud's. The 
examiner noted that there was no documentation of any evaluation 
for exposure to cold. There had never been any evaluation or 
treatment for any ongoing symptoms relating to exposure to cold 
during the remaining period. It was noted that the June 1972 
separation examination made no mention of symptoms relating to 
exposure to cold. The examiner stated that there was nothing in 
the record to suggest that the Veteran was having such symptoms 
subsequently after separation from the Army. The examiner 
concluded that it would be mere speculation to make any 
connection.

The 2009 VA examination provided a positive medical nexus based 
upon the Veteran's account of cold exposure during service. The 
Court has held that VA cannot reject a medical opinion simply 
because it is based on a history supplied by the Veteran and that 
the critical question is whether that history was accurate. 
Kowalski v. Nicholson, 19 Vet. App. 171 (2005). The Board has 
determined that the Veteran's account of cold exposure is 
accurate and credible; therefore, the Board finds no basis to 
reject the 2009 addendum opinion. 

The record contains credible lay evidence of cold exposure, as 
well as a VA medical opinion linking Raynaud phenomenon of the 
right hand to frostbite that occurred in service. Based on this 
evidence, the Board concludes that cold injury of the right hand 
was incurred in service. Therefore, service connection for cold 
injury of the right hand is warranted. 




ORDER

Service connection for cold injury of the right hand is granted. 



____________________________________________
V. L. JORDAN
Veterans Law Judge, Board of Veterans' Appeals




 Department of Veterans Affairs